Tbe opinion of tbe Court was delivered by’-
Wardlaw, J.
If tbe jury regarded tbe instructions ' which were given to them, they must, in finding a verdict for tbe plaintiff, have proceeded upon tbe presumption urged in bis behalf; that is, they must have inferred that the defendant when be took tbe note of two thousand two hundred and seventy-six dollars and twelve cents, Eeb. 26, 1855, knew of tbe assignment.to tbe plaintiff of tbe single bill now in 'question, because no deduction on account of that bill was then made. A faint presumption of tbe assignment might arise against Cohen & Co., from, their giving tbe *382 note; but against tbe defendant, under mucb stronger circumstances, hardly any presumption of knowledge of the assignment could arise from his accepting • the note. We choose, however, now to confine ourselves to the fact of the assignment then existing, whether the defendant knew of it or not, and the papers on their face show so plainly what the note was given for, that is both its professed consideration and its real motive, that we would suffer violence to be done to obvious truth, if we admitted that the note and its attending circumstances as they appeared, afforded any evidence at all that the single bill was not then in Cohen’s hands.
The verdict upon the fact being then unsupported, the case is resolved into the propriety of tbe instructions which held the onus of showing the time of the assignment to be on the plaintiff. If the payment of the six hundred dollars in May, 1856, had been shown at the proper time all the questions concerning liability without payment would have been saved, most of the papers which were introduced would have been unnecessary, and a plain debt of the obligees in the single bill to the defendant, due several months before the commencement of the suit having been shown, the question would have been which was prior in time, this debt or the assignment ? and upon that question of fact nothing appearing but the assignment without date, the case would have been decided by deciding whose duty it was to show the time of the assignment.
In 1792 it was decided in an action brought upon a bond in the name of the obligee for the benefit of an equitable assignee, that a discount acquired by the obligor after the assignment would not avail. Newman vs. Crocker, (1 Bay. 245). The Act of 1798 (5 Stat. 330), turned the right of the assignee of such an instrument as the Act relates to, from an equitable to a legal right, so as to enable him to sue in his own name; but cautiously guarded against any construction which in an action brought by the assignee, would preclude *383 tbe defendant from tbe advantage of any discount or defence wbicb be would bave been entitled to, bad tbe action been brought in tbe name of tbe obligee or payee of tbe instrument. If this suit bad then been in tbe name of Cohen & Co. would Strauss bave been entitled to discount tbe six hundred dollars ? Yes, certainly, if tbe discount existed at tbe commencement of tbe suit, and nothing more appeared. If an assignee interposed to prevent tbe discount, upon him would devolve tbe necessity of showing what would serve bis purpose, that is an assignment having higher equity than tbe discount, — at least an assignment prior in time to a just discount — perhaps also notice to tbe defendant of tbe assignment before the defendant acquired tbe discount. (We choose, however, to reserve all questions concerning notice, and concerning tbe distinction, if any, between discount and payment.) The Act of 1798 left tbe rights of tbe parties in respect to discounts, as it found them. Tbe rights of tbe defendant depend not upon a proviso of tbe Act, but upon tbe pre-existing law, which the Act studiously abstained, in what has tbe form of a proviso, from interfering with. See Williams vs. Hart, 2 Hill, 483. Before tbe Act a discount availed against tbe obligee, until tbe priority of an assignment was shown: since tbe Act tbe discount has like advantage against either obligee or assignee until tbe priority of tbe assignment be shown; tbe difference being only, that, in an action by tbe obligee, tbe defendant may by force of a discount against tbe obligee, recover a balance, but in an action by an assignee must be confined to defeating tbe recovery against himself. ■
Tbe argument for tbe plaintiff relies mainly upon tbe case of Cain vs. Spann, 1 McMul. 258. There when a promissory note, payable to bearer, bad been in the bands of tbe original payee almost two years after it was due, and an action upon it was subsequently brought by a bearer, tbe defendant endeavored to set up in defence a discount against *384 tbe original payee, acquired soon after tbe note sued on was proved to bave been in tbe bands of tbe payee; but tbe defendant could not prove when tbe note was transferred by delivery to tbe bearer, tbe plaintiff in tbe suit, and in consequence failed to show that bis discount against tbe payee existed whilst tbe • note remained in tbe bands of tbe payee. It was beld that tbe defendant was bound to mate out every thing necessary to bis defence: that• discount was a cross-action; and that the fact of tbe transfer of tbe note being subsequent to tbe acquisition of tbe discount must be shown by tbe defendant. A verdict rendered under instructions which did not submit this fact to tbe jury was sustained.
Of this case it may be observed that it was decided by three judges against two ; that no weight seems to bave been given to tbe consideration that tbe time of transfer was a matter probably known only to tbe payee and to tbe bearer, and incapable of proof by tbe defendant; that tbe suspicion attending tbe transfer of a note over due was scarce adverted to, and that a jury might well bave concluded that the defendant bad shown enough to require some rebutting evidence from tbe plaintiff. On tbe other hand it may be observed that a negotiable note does not lose its negotiability when it is over due; that by tbe English Law, a note transferred when over due, although subject to such equities, arising out of tbe note or tbe transactions connected with it, as tbe payee was subject to, is not subject to a set-off arising out of collateral matter, (Burrough vs. Moss, 10 Barn. & Cres. 558,) that tbe long practice in our State of admitting a set-off against such a note, renders it subject only to such set-off as existed against tbe original payee at tbe time of bis transfer, (see tbe well-considered case of Perry vs. Mays, 2 Bail. 354;) and that tbe admission, by way of defence rather than of cross-action, of a set-off) against tbe payee, in an action by a bolder, does not stand upon the provisions of our discount *385 Act, (1759, 4 Stat. 76,) but only upon its equity. (McAlpin vs. Wingard, 2 Rich. 549.)
For our present purpose, it is enough to say that the case of Gain vs. Spann related to a promissory note, negotiable by tbe general law, tbe bearer of which claimed only the rights which such law gave to him when the transfer was made ; but the case in hand relates to a bond, the assignee of which can claim only the right which is given to him by a statute, that expressly reserves the pre-existing right of the defendant to have advantage of all discounts that would have availed against the obligee. This discount would have defeated an action by the obligee brought for hi's own benefit: if it will not serve to defeat the assignee’s action, the reason must be that the assignment was prior to it: the priority of the assignment must then be shown by the assignee, else the prima facie sufficiency of the discount will be unrebutted.
The motion is granted.
^Whitwer, Glover, and Muítro, JJ., concurred.